Crist *v.* Hovis.

JAMES CRIST and wife *vs.* THOMAS HOVIS and SAMUEL S. HILLMAN.

A., an executor, deposited in the hands of B. a sum of money to pay a legacy. B. accepted the trust; acknowledged himself the debtor to the amount received; from time to time paid interest upon it; quieted anxiety by declaring that money was safe in his hands, and that when the legatee arrived at the age specified in the will she should have it.

*Held* that B. was liable to pay to legatee the amount deposited.

*T. Dudley,* for complainants.

*J. B. Dayton,* for defendants.

THE CHANCELLOR. There can be no doubt that the complainant is entitled to a decree against Hillman for $500, with interest from the 19th of April, 1845, after crediting such payments as have been paid on account of interest. His liability did not accrue from the fact of the assignment of Hovis to Hillman. This was a general assignment by Hovis, for the benefit of his creditors, under

the statute. A legatee under the will of Hannah Hovis could not come in under the assignment. The assignment was closed up according to law, and the assignee settled with the court. The balance in his hands belonged to the debtor who had made the assignment, and no one else had any lien upon it.

But it is proved clearly, by the evidence, that Hovis placed $500 in the hands of Hillman for the purpose of paying the legacy. Hillman accepted the trust. He acknowledged himself a debtor to that amount to the guardian of the legatee, and from time to time he paid the interest upon it. When anxiety was expressed as to the safety of the legacy, he quieted such fears by declaring the money was safe in his hands, that the interest would be paid, and that when the legatee arrived to the age of eighteen, that being the period when she was entitled to the principal, she should have it. The defence set up is wholly inconsistent with the facts, as they appear from the complainants' evidence, and the defendant has offered no testimony to sustain his answer.

The balance, if any, due upon the legacy the defendant Hovis must pay. The calculation of interest must be made in such a manner as to carry out the intention of the testatrix.

# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

OCTOBER TERM, 1858.